NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BRITISH TELECOMMUNICATIONS PLC,**
*Plaintiff-Appellant*

**v.**

**IAC/INTERACTIVECORP, MATCH GROUP, INC., MATCH GROUP, LLC,**
*Defendants-Appellees*

**TINDER, INC., VIMEO, INC.,**
*Defendants*

_____

2019-1917

_____

Appeal from the United States District Court for the District of Delaware in No. 1:18-cv-00366-WCB, Circuit Judge William C. Bryson.

_____

Decided:  June 3, 2020

_____

DANIEL A. BOEHNEN, McDonnell, Boehnen, Hulbert & Berghoff, LLP, Chicago, IL, for plaintiff-appellant.  Also represented by JEFFREY PALMER ARMSTRONG, GRANTLAND GILBERT DRUTCHAS, GEORGE THOMAS LYONS, III.

ROBERT LOUIS HAILS, JR., Baker & Hostetler LLP,

Washington, DC, for defendants-appellees.   Also represented by T. CY WALKER.

———————————

Before DYK, TARANTO, and HUGHES, *Circuit Judges*.

TARANTO, *Circuit Judge*.

British Telecommunications PLC owns U.S. Patent No. 6,397,040, which describes and claims methods, systems, and apparatuses for selecting information sources to provide to a user via a telecommunication system.  British Telecom sued IAC/InterActiveCorp and several of its subsidiaries (collectively, IAC) in the United States District Court for the District of Delaware, alleging that IAC infringed six British Telecom patents, including the '040 patent.  The district court held that all claims of the '040 patent are invalid under 35 U.S.C. § 101.  *British Telecommunications PLC v. IAC/InterActiveCorp*, 381 F. Supp. 3d 293 (D. Del. 2019) (*Merits Opinion*).  British Telecom appeals.  We affirm.

I

A

The '040 patent, titled "Telecommunications Apparatus and Method," claims priority to a Patent Cooperation Treaty application filed in 1998, which itself claims the benefit of a United Kingdom patent application filed in 1997.  The '040 patent states, as background facts, that in the late 1990s people increasingly wanted information communicated to their mobile devices, '040 patent, col. 1, lines 12–29, that the volume of information transmitted over communication systems was increasing, *id.*, col. 1, lines 25–29, and yet the radio frequency channels used for mobile communication were ill suited for transmitting large amounts of information, *id.*, col. 1, lines 36–41.  As a solution, the '040 patent describes a method of transmitting information to terminals that involves tracking a

user's location, generating a "shortlist" of information sources relevant to the user's location, and transmitting that shortlist to the user's terminal. *Id.*, col. 2, line 53, through col. 3, line 2.

All 44 claims of the '040 patent are at issue in this appeal. Claim 1 is illustrative for purposes of deciding the issues on appeal:

1. A method of selecting information sources from which information is provided to users via a telecommunications system, said method comprising:

tracking the location of a user in the system by receipt of tracking information for said user;

accessing location data indicating localities in which information from the respective sources is deemed to be relevant;

generating a shortlist of information sources for said user on the basis of said tracking information and said location data; and

transmitting said shortlist to a terminal associated with said user so as to allow said user to select an information source of interest and thereby to access information from said source.

*Id.*, col. 12, lines 35–50.

B

In March 2018, British Telecom filed a complaint in the District of Delaware, alleging that IAC infringed six British Telecom patents, including the '040 patent. IAC moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that British Telecom had failed to plead facts that made infringement plausible for two of the patents and that the other four patents, including the '040 patent, claim subject matter not eligible for patenting

under 35 U.S.C. § 101. The district court denied dismissal as to the two patents for which IAC challenged the infringement allegations, *Merits Opinion*, 381 F. Supp. 3d at 300–03, but granted dismissal as to the remaining four patents for which IAC argued lack of eligibility under § 101, *id.* at 308–22. Subsequently, acting under Federal Rule of Civil Procedure 21, the district court severed the count of the complaint concerning the '040 patent and entered a final judgment. *British Telecommunications PLC v. IAC/InterActiveCorp*, No. 1:18-cv-00366-WCB, 2019 WL 1765225, at *5–6 (D. Del. Apr. 22, 2019).

British Telecom timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

On appeal, British Telecom argues that the claims of the '040 patent are not directed to an abstract idea and, in any event, include inventive concepts. British Telecom further contends that the district court erred in holding all the '040 patent claims ineligible when the court and IAC substantively addressed only claim 1.

We review Rule 12(b)(6) dismissals under the law of the appropriate regional circuit, *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1124 (Fed. Cir. 2018), here the Third Circuit, which reviews such dismissals de novo, *Newark Cab Association v. City of Newark,* 901 F.3d 146, 151 (3d Cir. 2018). Like the district court, we must "accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiffs." *Newark Cab*, 901 F.3d at 151.

Section 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor." 35 U.S.C. § 101. But the provision "contains an important implicit exception: Laws of nature, natural phenomena, and abstract

ideas are not patentable." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (internal quotation marks omitted). A claim is invalid under section 101 where (1) it is "directed to" a patent-ineligible concept, such as an abstract idea, and (2) the particular elements of the claim, considered "both individually and as an ordered combination," do not add enough to "transform the nature of the claim into a patent-eligible application," *i.e.*, do not set forth an "inventive concept." *Alice*, 573 U.S. at 217 (internal quotation marks omitted); *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166–67 (Fed. Cir. 2018).

## A

The claims of the '040 patent are directed to an abstract idea: "providing lists of location-specific information sources to users based on their location." *Merits Opinion*, 381 F. Supp. 3d at 311 (internal quotation marks omitted). We have previously held that tailoring the provision of information to a user's characteristics, such as location, is an abstract idea. *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1369 (Fed. Cir. 2015); *see Affinity Labs of Texas, LCC v. Amazon.com Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016). Despite British Telecom's contentions, the '040 patent claims are not directed to any improvement in how a computer or communication network functions but merely use computers as tools to implement an independently abstract idea. *See Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016). The claims here do not differ materially from those we have held directed to abstract ideas.

## B

The claims do not pass muster under the second step of the *Alice* inquiry because they do not set forth an inventive concept that would transform their subject matter into something more than the abstract idea. Claim 1 recites only generic computer hardware—a "telecommunications system" and "terminal," '040 patent, col. 12, lines 35–50—

as performing functions that the '040 patent's specification admits were conventional, *id.*, col. 1, line 12, through col. 2, line 32. "Nothing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information." *Electric Power*, 830 F.3d at 1355. Such claims fail under *Alice*.

## C

The district court did not err in holding all the claims of the '040 patent invalid. The court correctly determined that IAC substantively challenged all the '040 patent claims. *Merits Opinion*, 381 F. Supp. 3d at 322; *see* J.A. 590 ("The '040 Patent contains 44 claims, of which five are independent claims. Because [British Telecom] asserts only claim 1 in its [first amended complaint], [IAC's] analysis addresses that claim. The analysis presented herein, however, applies equally to all claims of the '040 Patent."). Although British Telecom disputed that claim 1 was representative, J.A. 760 n.5, it presented no separate argument for the eligibility of any claim aside from claim 1, *see* J.A. 760–66. Because British Telecom did not present any "meaningful argument for the distinctive significance of any claim limitation" not found in claim 1, the district court did not err in finding that British Telecom had forfeited its ability to argue that other claims are separately patent eligible. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).

## III

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED**